**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VALERIJA SIMOLIUNIENE, | Civil Action No. 15-3723 (MAS) (TJB) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| ESTATE OF GRACE M. MASZER, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Estate of Grace M. Maszer and Donna Guerriero's ("Defendants") motion for partial dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of Plaintiff Valerija Simoliuniene's ("Plaintiff") Complaint for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 ("FLSA"), and the New Jersey State Wage and Hour Laws and Regulations, N.J.S.A. 34:11, N.J. Admin. Code 12:56 ("NJSWHL"). (ECF No. 6.) Plaintiff filed an opposition brief (ECF No. 10), and Defendants replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motion for partial dismissal is granted.

**I.     Background**

This matter arises from Defendants' alleged violation of state and federal laws pertaining to minimum wage and overtime in connection with Plaintiff's employment. As alleged in the Complaint, Plaintiff was employed by Defendants as a domestic worker for nearly six years. (Compl. ¶ 42, ECF No. 1.) During this time Defendants paid Plaintiff $840.00 per week in return

for her providing caregiving duties to the now-deceased, Grace M. Maszer ("Ms. Maszer"), who suffered from dementia and Alzheimer's Disease. (*Id.* ¶¶ 44, 51.) Plaintiff alleges that "[f]or the entirety of her employment, [she] was on call, engaged to wait, to care for Ms. Maszer during all times, including in the middle of the night, and therefore, effectively working twenty-four (24) hours per day, seven (7) days a week." (*Id.* ¶ 50.) In addition, Plaintiff alleges that "[t]hroughout her employment, [she] engaged in duties aside from her regular caregiving duties . . . which included, but were not limited to, meal preparation, bed making, washing of clothes, and other similar services. [And her] work in these areas was far beyond incidental and exceeded twenty (20) percent of the total weekly hours worked." (*Id.* ¶ 48.) Based on these allegations, Plaintiff brings the following causes of action against Defendants: (1) violation of the minimum wage provisions of the FLSA; (2) violation of the overtime provisions of the FLSA; (3) violation of the minimum wage provisions of the NJSWHL; (4) violation of the overtime provisions of the NJSWHL; and (5) violation of the recordkeeping requirements of the NJSWHL. (Compl. ¶¶ 61-85.)

On August 3, 2015, Defendants filed a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's FLSA claims, which are contained in Counts One and Two of the Complaint, and to dismiss the remaining counts of the Complaint as to Defendant Donna Guerriero. In her opposition to Defendants' Motion, Plaintiff voluntarily withdrew Count Two of the Complaint, which asserts FLSA overtime violations. (Pl.'s Opp'n Br. 2, ECF No. 10.) Plaintiff, however, maintains her claim for violations of FLSA's minimum wage provisions in addition to her state law claims.

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. City of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [her] 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Put another way, the pleader must "set forth sufficient information to outline the elements of [her] claims or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)). Yet, importantly, in a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. Analysis

Defendants argue that Plaintiff has failed to state a claim for relief under the FLSA because she is exempt from the FLSA's minimum wage requirements. (Defs.' Moving Br. 4, ECF No. 6-3.) The Court agrees. As alleged in the Complaint, Plaintiff "worked as a domestic worker—specifically for Ms. Maszer . . . [and] [t]hroughout her employment, [Plaintiff] engaged in regular caregiving duties for Ms. Maszer." (Compl. ¶¶ 43, 46.) Ms. Maszer's duties included "meal preparation, bed making, washing of clothes, and other similar services." (*Id.* ¶ 48.) These services "exceeded twenty (20) percent of the total weekly hours worked." (*Id.*) Under the FLSA, domestic service workers who provide companionship services to the elderly or incapacitated are exempt

3

from the FLSA's minimum wage requirement. 29 U.S.C. § 213(a)(15). Specifically, the FLSA contains a "companionship services exemption," which provides that the FLSA's minimum wage provisions "shall not apply with respect to . . . any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary) . . . ." *Id.* Under the regulations in effect during Plaintiff's employment, the term "companionship services" in the FLSA exemption covered "those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 C.F.R. § 552.6 (2014). The regulations noted that "companionship services . . . may include household work related to the care of the aged or infirm person such as meal preparation, bed making, washing of clothes, and other similar services." *Id.* In addition, the regulation noted that companionship services "may *also* include the performance of *general household work*: Provided, however, that such work is incidental, i.e., does not exceed 20 percent of the total weekly hours worked." *Id.* (emphasis added). Thus, the FLSA distinguishes between "household work related to the care of the aged or infirm person" versus "general household work"; and only the latter category, general household work, is subject to the 20 percent limitation.

Here, Plaintiff argues that she is not covered by the "companionship exception" to the FLSA because she "*performed* duties and responsibilities far greater than that of mere companionship." (Pl.'s Opp'n Br. 8) (emphasis in original). The duties that Plaintiff cites in support of this assertion, "meal preparation, bed making, washing of clothes, and other similar services" are, however, precisely those duties that are covered by the FLSA's definition of "companionship services" because they consist of "household work related to the care of the aged

4

or infirm person." 29 C.F.R. § 552.6 (2014). Moreover, Plaintiff has not alleged that she engaged in any of the types of "general household work" that are limited under the exemption, such as "heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a 'trashy' house." U.S. Dep't of Labor, Wage & Hour Div., Op. Letter on FLSA, 1995 WL 1032475 (Mar. 16, 1995). Accordingly, even accepting the factual allegations in the Complaint as true and drawing inferences from those allegations in the light most favorable to the Plaintiff, Plaintiff is covered by the "companionship exemption" to the FLSA's minimum wage provisions. Accordingly, Plaintiff fails to state a claim for relief for violations of the FLSA minimum wage provisions.

Furthermore, this Court's subject matter jurisdiction was based on Plaintiff's FLSA claims, which were contained in the First and Second Causes of Action. Having now dismissed the First Cause of Action and Plaintiff having withdrawn the Second Cause of Action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The "district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009) (quoting 28 U.S.C. § 1367(c)(3)).

> The power of the court to exercise pendent jurisdiction . . . requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court. The substantiality of the federal claim is ordinarily determined on the basis of the pleadings. If it appears that the federal claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) . . . then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances.

*Cito v. Bridgewater Twp. Police Dep't.*, 892 F.2d 23, 25-26 (3d Cir. 1989) (internal citations omitted). Here, no extraordinary circumstances exist which require the court to entertain the state law claims. As such, Plaintiff's state law claims are dismissed.

5

## IV. Conclusion

For the reasons set forth above, the Court grants Defendants' motion and dismisses the Complaint without prejudice. If Plaintiff does not file an amended complaint by March 11, 2016, the Complaint shall be dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 1st , 2016